UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Andrew Stephen Williams,<br><br>    Plaintiff,<br><br>v.<br><br>Tom Roy and Eddie Miles,<br><br>    Defendants. | Case No. 16-cv-2995 (JNE/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

  Plaintiff Andrew Stephen Williams brings this action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at the Minnesota Correctional Facility ("MCF") in Faribault, Minnesota. The case is before the Court on the following motions: Defendants Tom Roy and Eddie Miles' Motion to Dismiss [Doc. No. 31], Williams' Motions for Temporary Injunction and Restraining Order [Doc. Nos. 40, 41], Williams' Motion for Leave to File Supplemental or Amended Complaint [Doc. No. 44], Williams' Motion of Constitutional Challenge to Statute Directed to the State of Minnesota and Its Agencies [Doc. No. 45], Williams' Motion to Supplement Pleadings and Amend the Record [Doc. No. 74], and Williams' Motion for Leave Allowing Plaintiff to Present the Previous Motion to Supplement Pleadings [Doc. No. 78].

**I.  The Parties and Claims**

  Plaintiff Andrew Stephen Williams is an inmate committed to the custody of the

Minnesota Department of Corrections ("DOC").  He is currently incarcerated at MCF-Stillwater, though his claims arise from his incarceration at MCF-Faribault.  Defendant Tom Roy is the Commissioner of Corrections, and Defendant Eddie Miles was the warden at MCF-Faribault when Williams was incarcerated there.  Williams originally named several other defendants, who were dismissed early in the litigation.[1]  (Order at 1, Feb. 14, 2017 [Doc. No. 27].)  Williams is suing Roy and Miles in their individual and official capacities.  (Compl. ¶¶ 5-6 [Doc. No. 1].)

Williams' complaint includes very few factual allegations against Roy or Miles.  The vast majority of his allegations concern alleged violations of his constitutional rights by unidentified individuals or entities, by individuals or entities who are identified by name in allegations but not named as defendants on the caption, or by prison departments and entities that have already been dismissed as defendants to this action.

Williams' first cause of action is that "the mailroom's staff employees, agents, and/or representatives refused and failed to send out legal letters and documents" via the United States Postal Service on three separate occasions between September 2015 and June 2016.  (Compl. ¶ 15.)  He alleges that he appealed to "CPD Dahlen."  (*Id.*)  Williams' second cause of action is that "someone from the MCF-Faribault mailroom" confiscated four envelopes, each containing twenty photographs, mailed by his wife in

---

[1] The dismissed Defendants are the Minnesota Department of Corrections, MCF-Faribault, the MCF-Faribault Mailroom Department, the MCF-Faribault Property Department, Rice County, City of Faribault, Washington County, City of Bayport, County of Dakota, and City of Hastings.

2

March 2016.  (*Id.* ¶ 16.)

In Williams' third cause of action, he alleges he was moved to a cell typically assigned to inmates who work as janitors.  (*Id.* ¶ 17.)  Plaintiff wrote a kite to "Lt. Mueller" saying he did not want a job as a janitor.  (*Id.*)  The following week, Williams alleges, he was confronted by "Ofc. Sorrenson," who attempted to return the kite to Williams, but Williams refused it.  (*Id.*)  Lieutenant Mueller then ordered Officers Parameter and Schuenke to search Williams' cell, and Williams allegedly saw Officer Parameter remove a clear plastic bag of legal papers and "picture brochures" that the officer claimed were pornography.  (*Id.*)  Williams also noticed his television screen was cracked.  (*Id.* ¶ 20.)  Williams was charged with disorderly conduct, abuse, harassment, and possessing contraband.  (*Id.* ¶ 21.)  Williams wrote a kite to then-Warden Miles, but Lieutenant Mueller responded to the kite.  (*Id.* ¶¶ 22-23.)  Dissatisfied with Lieutenant Mueller's response, Williams wrote another kite to Miles regarding "corruption" and Lieutenant Mueller's cover-up of the damage to his television.  (*Id.* ¶ 23.)  Williams eventually pleaded guilty to a charge of disorderly conduct, but the guilty plea form noted the number "30" after several charges.  (*Id.* ¶ 25-26.)  A hearing officer told Williams that he had pleaded guilty to all charges, and Williams said he had been misled.  (*Id.* ¶ 26.)  Williams followed up with kites to several individuals who are not parties to this action, and to Miles regarding alleged "corruption" on the day his television was damaged and on the day he pleaded guilty to disorderly conduct.  (*Id.* ¶ 27.)  Williams

also sent Miles a "Notice of Intent" letter on May 11, 2016, and a "Cease and Desist" letter on May 31, 2016. (*Id.*)

Williams' fourth cause of action is that Roy and Miles illegally detained him pursuant to an unlawful warrant of commitment. (*Id.* ¶ 31.) Through his fifth cause of action, Williams alleges that several kites were returned by the MCF-Faribault mailroom without a response and with instructions to use the U.S. Postal Service. (*Id.* ¶¶ 32-38.) Apparently, Williams was attempting to submit kites to individuals and entities at MCF-Faribault through the prison's internal system, even after he had been transferred to MCF-Stillwater. (*See id.* ¶¶ 32-39.)

Williams brings the above causes of action pursuant to 42 U.S.C. § 1983, the Full Faith and Credit Act, the First Amendment, the Fourth Amendment, the Eighth Amendment, the Ninth Amendment, the Thirteenth Amendment, the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and the Religious Freedom Restoration Act ("RFRA"). (Compl. ¶¶ 1, 46-52.) Williams seeks only monetary damages from Roy and Miles. (Compl. ¶¶ 57-62, 69-70.) His only request for injunctive relief was made against the City of Faribault and the City of Bayport, who have been dismissed as defendants. (Compl. ¶¶ 63-65.)

## II.     Defendants Tom Roy and Eddie Miles' Motion to Dismiss [Doc. No. 31]

Roy and Miles seek dismissal of all claims against them on the following grounds: (1) Williams' claims for monetary damages are barred by the Eleventh Amendment;

(2) Williams has not pleaded facts demonstrating Roy's and Miles' personal involvement in the allegedly unconstitutional and unlawful conduct; (3) Roy and Miles are entitled to qualified immunity; and (4) the Court should abstain from exercising jurisdiction under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), because Williams filed a similar case in state court.

### A.     Rule 12(b)(6) Standard for Dismissal

On a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Generally, a court may not consider matters outside the pleadings in assessing the sufficiency of a complaint under the Rule 12(b)(6) standard. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted).  A court may make exceptions to this rule for matters of public record, materials "necessarily embraced by" the complaint, and exhibits submitted with the complaint. *Id.* (citations omitted).

5

A court has the duty to construe liberally a pro se party's pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that even if a claim "is not pleaded with legal nicety," a court should construe the allegations so that the claim may "be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). The court should not, however, "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Id.* Nor should a court "assume the role of advocate." *Sneh v. Bank of N.Y. Mellon*, No. 12-cv-954 (MJD/JSM), 2012 WL 5519690, at *5 (D. Minn. Oct. 30, 2012) (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)), *R. & R. adopted*, 2012 WL 5519682 (D. Minn. Nov. 14, 2012).

### B. Eleventh Amendment Immunity

The Eleventh Amendment provides "a state with immunity from suit in federal court by citizens of other states and by its own citizens." *Skelton v. Henry*, 390 F.3d 614, 617 (8th Cir. 2004). "A state agency or official may invoke the State's Eleventh Amendment immunity if immunity will 'protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself.'" *Hadley v. N. Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 123 n.34 (1984)). The DOC is considered a state agency with Eleventh Amendment immunity. *See Carter v. CWF Sols., LLC*, No. 09-cv-16 (JMR/FLN), 2009 WL 512482, at *2 (D. Minn.

Feb. 27, 2009).

Williams seeks only monetary damages as relief for his claims against Roy and Miles. Because the DOC has not waived its sovereign immunity with respect to the claims asserted against Roy and Miles and sovereign immunity has not been abrogated by any other source of law,[2] Williams' claims against Roy and Miles in their official capacities should be dismissed. (*See* R. & R. at 3-4 [Doc. No. 26]); *see also Johnson v. Mandac*, No. 16-cv-0268 (DWF/HB), 2016 WL 8188503, at *4 (D. Minn. Dec. 7, 2016), *R. & R. adopted*, 2017 WL 438734 (D. Minn. Feb. 1, 2017).

### C. Personal Involvement

Roy and Miles seek dismissal of Williams' individual capacity claims on the basis that Williams did not plead facts showing their personal involvement in any of the alleged conduct. "Respondeat superior is not applicable to § 1983 claims." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir.1990). To establish personal liability of Roy and Miles, Williams "must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). Generally, "a warden's general responsibility for

---

[2] Williams' argument that Congress abrogated Eleventh Amendment immunity for RFRA claims (Pl.'s Mem. Supp. All Mots. at 14 [Doc. No. 66]) is without merit. *Weir v. Nix*, 890 F. Supp. 769, 785 (S.D. Iowa 1995), *judgment aff'd, appeal dismissed in part*, 114 F.3d 817 (8th Cir. 1997).

7

supervising the operations of a prison is insufficient to establish personal involvement." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987). A warden might be liable, however, if he "made policy decisions resulting in the alleged unconstitutional conditions." *Id.*

Williams argues that he has sufficiently alleged Roy's and Miles' personal involvement in "slavery," "involuntary servitude," and unlawful detainment of Williams. (Pl.'s Mem. Supp. All Mots. at 19, 22 [Doc. No. 66].)[3] To the extent Williams intended to allege a claim under the Thirteenth Amendment, that amendment does not create a private cause of action. *E.g.*, *Sanders v. A.J. Canfield Co.*, 635 F. Supp. 85, 87 (N.D. Ill. 1986). To the extent Williams seeks damages pursuant to § 1983 for being incarcerated unlawfully, his claim would squarely be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). A judgment that his detention is unlawful "would necessarily imply the invalidity of his conviction or sentence." *See id.* at 487. Expanding on *Heck*, the Supreme Court later explained:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

---

[3] Consistent with the Court's Order of August 23, 2017 [Doc. No. 71], the Court is considering Williams' Memorandum of Law in Support of All Prior Motions [Doc. No. 66], Affidavit [Doc. No. 67], and Declaration [Doc. No. 68] in addressing the motion to dismiss.

8

Williams has been unsuccessful in challenging his conviction and sentence on direct appeal, in state postconviction proceedings, and on federal habeas review. *See Williams v. Dingle*, No. 07-cv-2922 (JNE/SRN), R. & R. at 2-8 (D. Minn. Jan. 29, 2008) [Doc. No. 8]; slip op. at 2 (D. Minn. Feb. 19, 2008) [Doc. No. 10]. Unless and until Williams' conviction and sentence are invalidated or expunged, he cannot bring a § 1983 claim that he is being unlawfully detained.

The only other allegations of personal involvement against Roy or Miles are that Williams wrote several kites to Miles about the damage to his television and alleged corruption at the prison, as well as a "Notice of Intent" letter on May 11, 2016, and a "Cease and Desist" letter on May 31, 2016. To the extent Williams is alleging that Miles' failure to respond to the kites and letters violated a constitutional right, other allegations in the complaint show that Williams was not denied access to the grievance procedure and that his grievances were addressed by other prison officials. (Compl. ¶¶ 23-28.) Moreover, even if Williams had adequately alleged that he was precluded from utilizing the prison grievance procedure, a prison's grievance procedures do not confer any substantive rights that are protected by due process and thus give rise to a § 1983 claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (per curiam); *see also Hodgson v. Fabian*, 378 F. App'x 592, 594 (8th Cir. 2010); *Day v. Corr. Med. Servs.*, 281 F. App'x 624, 626 (8th Cir. 2008).

With respect to whether Roy and Miles may be liable in their supervisory capacity,

9

"a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). And, Plaintiff has not alleged facts demonstrating that Roy or Miles knew that a subordinate had committed a constitutional violation and either approved or failed to take corrective action. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

In light of these findings and conclusions, the Court recommends that all of Williams' individual-capacity claims against Roy and Miles be dismissed.

### D.     Qualified Immunity

Alternatively, Defendants argue they are entitled to qualified immunity from Williams' individual-capacity claims because Williams has not alleged facts creating a plausible inference that they violated a clearly established law or were directly responsible for any of the alleged conduct.

"Qualified immunity may protect government officials from liability under 42 U.S.C. § 1983, but not if their conduct violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 527 (8th Cir. 2009) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). In analyzing a claim of qualified immunity, the Court considers: (1) whether the facts viewed in the light most favorable to the plaintiff support a conclusion that the defendant violated a constitutional right, and (2) whether the

10

constitutional right at stake was "clearly established" at the time of the alleged violation "such that a reasonable official would have known that his or her actions were unlawful." *See id.* at 528 (citing *Pearson v. Callahan*, 555 U.S. 223, 232-33 (2009)). The Court has discretion as to which prong "should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236.

Here, the Court has determined that Roy and Miles were not directly involved in any constitutional violation, either because they were not personally involved in the alleged unlawful actions or because the conduct alleged did not establish a constitutional violation. For these same reasons, Roy and Miles should be afforded qualified immunity for Williams' § 1983 claims.

### E. *Colorado River* Abstention

Roy and Miles move to dismiss this action under the *Colorado River* abstention doctrine because Williams filed a similar case in state court. Under this doctrine, a court may dismiss a "federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration," but only when parallel state and federal actions exist and exceptional circumstances warrant dismissal. *Col. River Water Conservation Dist.*, 424 U.S. at 818.

According to Defendants' reply memorandum filed in support of their motion to dismiss, the state court case was dismissed on May 9, 2017. (Defs.' Reply at 1 n.1 [Doc. No. 72].) In light of this event, the lack of any state-law claims in this matter, the age and

11

procedural posture of this case, and "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," *Colorado River Water Conservation District*, 424 U.S. at 817-18, the Court find that abstention is not warranted here.

### III. Williams' Motions for Temporary Injunction and Restraining Order [Doc. Nos. 40, 41]

Williams moves for a temporary injunction and restraining order seeking to enjoin the State of Minnesota and Roy from implementing and enforcing Minn. Stat. § 609.109, subd. 4, and the warrant of commitment that committed Williams to the custody of the Commissioner of Corrections to execute his sentence. Williams contends the statute violates due process. He also asks to enjoin the State of Minnesota and Roy from discarding any security videotapes, restricting his time in the law library, limiting the pages of his legal work, limiting him to two property bins, forcing him to reside in a double-bunk cell, discarding his property, retaliating against him, and transporting him to MDF-Faribault. [*See* Doc. Nos. 40, 64, 67.]

The Court recommends that the motion be denied on the following independent grounds. First, as to the State of Minnesota, the State is no longer a party to this action, and thus the Court is unable to issue an injunction against it. Second, this Court has recommended that all remaining claims in this matter should be dismissed, and if the District Court agrees, the motion will be moot. Third, the motion may be denied on the merits. Williams' motion is based on new allegations that differ from the allegations in his complaint. "Although these new assertions might support additional claims against

the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Fourth and finally, Williams has not established a threat of irreparable harm, a probability of success on the merits, or that an injunction would be in the public interest. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

**IV.   Williams' Motion for Leave to File Amended Complaint [Doc. No. 44]**

On April 21, 2017, Williams filed a motion to amend his complaint as a matter of course, pursuant to Federal Rule of Civil Procedure 15(a) [Doc. No. 44]. Rule 15(a) provides:

> (a) Amendments Before Trial.
>
>> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>>
>>> (A) 21 days after serving it, or
>>>
>>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Williams filed the motion to amend within twenty-one days of the filing date of Roy and Miles' motion to dismiss, and thus met the timing requirement of Rule 15(a)(1)(B). But Williams did not file, attach, or otherwise provide the amended complaint to the Court, which is an inherent and necessary part of the rule. Consequently, Williams did not comply with Rule 15(a)(1)(B) and his motion should be denied on that ground.

13

Nonetheless, in the interest of justice and in light of Williams' pro se status, the Court will consider the affidavit Williams submitted in support of the motion to amend [Doc. No. 49], which sets forth the amendments Williams intended to make, as a proffer of what Williams would have alleged in the amended complaint, to determine whether, if Williams had properly amended his complaint, the amended complaint would survive Defendants' motion to dismiss. Williams averred the following in the affidavit:

- Williams did not intend to allege that he did not want to move to a different cell, but rather that he suffered retaliation when a corrections officer attempted to deliver to Williams a kite addressed to "the lieutenant" regarding Williams "not wanting the janitors job, where a post-in note was attached as a response." (Pl.'s Aff. ¶ 3(b)(i) [Doc. No. 49].)

- Williams did not intend to allege that the hearing officer misled him into pleading guilty but rather that the hearing officer misled him into "pleading guilty to the aggregation of charged offense[s] against me, instead of the one as I was led to believe that I was pleading to." (*Id.* ¶ 3(b)(ii).)

- Williams intended to allege that the mailroom intentionally failed to deliver his mail. (*Id.* ¶ 3(b)(iii).)

- Williams is being detained unlawfully because the statute under which he was sentenced is unconstitutional, and the warrant of commitment is unlawful and unenforceable. (*Id.* ¶ 3(b)(iv).)

- Williams "sent kites to all involved" about the alleged unlawful actions of prison staff, but either the kites were ignored or he was told to mail them through the U.S. Postal Service. (*Id.* ¶ 3(b)(v).)

- Williams intended to allege that the restrictions on his freedom are unjust. (*Id.* ¶ 3(b)(vi).)

- Williams adequately alleged the personal involvement of Roy and Miles, as evidenced by the cease and desist letters and a notice to sue. (*Id.* ¶ 3(b)(vii), Exs. 1-7.)

14

- Williams notified Roy and Miles of their unjust restrictions on his freedom through legal documents, including a cease and desist letter. (*Id.* ¶ 3(b)(viii).)

- Williams did not intend to allege a state tort law claim and asks to voluntarily dismiss it. (*Id.* ¶ 4.)

None of these allegations would change the Court's findings and conclusions made in Part II above with respect to Roy and Miles' motion to dismiss. The allegations do not defeat Eleventh Amendment immunity or qualified immunity, or establish personal involvement by Roy or Miles in the conduct alleged. Consequently, the Court recommends denying the motion to amend, but notes that even if Williams had properly amended his complaint pursuant to Rule 15(a) and Defendants' motion to dismiss were read against that amended complaint as the operative pleading, the Court would still recommend dismissal with prejudice for the reasons described herein.

## V.     Williams' Motion of Constitutional Challenge [Doc. No. 45]

Williams filed a motion of constitutional challenge to Minn. Stat. § 609.109, subd. 4. That statute once established presumptive and mandatory sentences for repeat sex offenders, but was deemed unconstitutional in *State v. Shattuck*, 704 N.W.2d 131, 142-43 (Minn. 2005), based on *Blakely v. Washington*, 542 U.S. 296, 301 (2004). Williams was sentenced pursuant to Minn. Stat. § 609.109, subd. 4, in 2003. *See State v. Williams*, No. A05-1406, slip op. at 1 (Minn. Ct. App. Apr. 5, 2006).

The Court recommend that Williams' motion be denied for two reasons. First, his motion is a direct challenge to his sentence and is barred by *Heck*. Second, there is no

dispute that Minn. Stat. § 609.109, subd. 4, was found unconstitutional, but Williams has nothing to be gained by succeeding on the motion. Williams has already challenged the validity of his sentence based on the unconstitutionality of Minn. Stat. § 609.109, subd. 4, in a petition for postconviction relief filed in state court. *See State v. Williams*, No. A05-1406, slip op. at 1 (Minn. Ct. App. Apr. 5, 2006). Relief was denied because Williams' conviction and sentence were final before *Blakely* was decided, and *Blakely* is not retroactively applicable on collateral review. *Id.* at 2. The Minnesota Supreme Court denied Williams' petition for further review. *State v. Williams*, No. A05-1406, slip op. at 1 (Minn. June 20, 2006). Williams' motion should accordingly be denied.

## VI.     Williams' Motion to Supplement Pleadings and Amend the Record [Doc. No. 74]

In this particular motion, Williams seeks leave to supplement the complaint and the record with an order dated February 15, 2005, issued by the Honorable Robert R. King, Jr. of Dakota County District Court [*see* Doc. Nos. 74, 75]. The order vacated an earlier order denying Williams' post-conviction petition and allowed further briefing. To the extent Williams seeks to amend his complaint to attach or incorporate the order, the document neither saves any existing claim nor gives rise to an inference of a new claim. Thus, the Court recommends that the motion to amend be denied as futile. *See Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (listing futility of amendment among the bases on which a court may deny leave to amend a pleading). To the extent Williams seeks leave to supplement the record, there is no harm in allowing the order to

16

be part of the record, and the Court recommends that the motion be granted to this extent.

## VII.   Williams' Motion for Leave Allowing Him to Present the Previous Motion to Supplement Pleadings [Doc. No. 78]

Through this motion, Williams simply asks the Court to grant the motion filed at Doc. No. 74.  A motion that asks a court to grant another motion is unnecessary and duplicative, and the Court therefore recommends that the motion be denied.

## VIII.   Williams' Other Conceivable Requests to Amend His Complaint

In an affidavit filed on August 21, 2017, in support of Williams' motion for an injunction and a "verified complaint" that was never actually filed, Williams identifies MCF-Stillwater Program Director Regina Stepney, MCF-Stillwater Associate Warden Victor Wachena, and the MCF-Stillwater Office of Special Investigation as additional "individuals" who have violated his rights.  (Pl.'s Aff. Supp. Compl. & Mot. Injunc. ¶ 18 [Doc. No. 67].)  Stepney and Wachena are officials at MCF-Stillwater and have no connection to the events alleged in the original complaint, which occurred while Williams was incarcerated at MCF-Faribault.  In addition, to the extent Williams would sue Stepney and Wachena in their official capacities, any such claims against them would be barred by the Eleventh Amendment.  To the extent he would sue them in their personal capacities, it appears from the relevant allegations in Williams' affidavit that they would be entitled to qualified immunity.  Thus, to the extent Williams' affidavit could be construed as a request to add Stepney and Wachena as defendants, his request should be denied as futile.  As to the MCF-Stillwater Office of Special Investigation, it

17

would be futile for Williams to add this entity as a defendant, because claims against this entity would be barred by sovereign immunity, and because the MCF-Stillwater Office of Special Investigation is not a "person" for purposes of § 1983. (*See* R. &. R. at 3-4 [Doc. No. 26].) Consequently, the Court recommends that Williams not be granted leave to amend his complaint to add these allegations.

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Defendants Tom Roy and Eddie Miles' Motion to Dismiss [Doc. No. 31] be **GRANTED**;

2. Plaintiff Andrew Stephen Williams' Motions for Temporary Injunction and Restraining Order [Doc. Nos. 40 and 41] be **DENIED**;

3. Plaintiff Andrew Stephen Williams' Motion for Leave to File Supplemental or Amended Complaint [Doc. No. 44] be **DENIED**, but even if Williams had properly amended his complaint pursuant to Rule 15(a) and Defendants' motion to dismiss were read against that amended complaint as the operative pleading, the case should be dismissed with prejudice for the reasons described herein;

4. Plaintiff Andrew Stephen Williams' Motion of Constitutional Challenge to Statute Directed to the State of Minnesota and Its Agencies [Doc. No. 45] be **DENIED**;

5. Plaintiff Andrew Stephen Williams' Motion to Supplement Pleadings and Amend

the Record [Doc. No. 74] be **GRANTED IN PART** and **DENIED IN PART** as set forth fully herein;

6. Plaintiff Andrew Stephen Williams' Motion for Leave Allowing Plaintiff to Present the Previous Motion to Supplement Pleadings [Doc. No. 78] be **DENIED**; and

7. **JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: January 22, 2018                     s/ *Hildy Bowbeer*
                                            HILDY BOWBEER
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).